**COMMONWEALTH of Kentucky, Appellant,**

v.

**Glenn Owen BUGG, Appellee.**

Court of Appeals of Kentucky.

Sept. 13, 1974.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Atty. Gen., Frankfort, for appellant.

Joseph J. Grace, Paducah, for appellee.

GARDNER, Commissioner.

The Commonwealth has appealed for certification of the law the issue of "Whether the circuit court erred in refusing to permit the Commonwealth the right to use the prior transcribed testimony of William H. Brooks, now deceased, which was given under oath at an examining trial in the Ballard Quarterly Court, as evidence-in-chief at the trial of the appellee in the Ballard Circuit Court?"

It was shown that the proceedings at the examining trial in the quarterly court were reported by a stenographer chosen by the accused and whose fee was paid by the accused. The reporter's certificate recited that the transcript was accurate and the witness was duly sworn before giving his testimony. The accused and his counsel were present at the examining trial and cross-examined the witness. Prior to the time of the trial in the circuit court the witness died. Testimony of the witness was crucial to the Commonwealth's side of the case, but the trial court ruled that the testimony could not be used as evidence-in-chief in behalf of the Commonwealth, and cited KRS 422.150 and RCr 7.22 in support of its ruling. KRS 422.150 provides:

"The testimony of any witness taken by a stenographic reporter pursuant to KRS 28.430 may, in the discretion of the court *in which it is taken,* be used as evidence in any subsequent trial of the same issue between the same parties, where the testimony of such witness cannot be procured, but no testimony so taken shall be used in any criminal case without the consent of the defendant." (Emphasis added)

The Commonwealth argues that the cited statute does not preclude the use of the evidence when, as in this case, the witness had died prior to the trial, and cites Lake v. Commonwealth, 31 Ky.Law Rep. 1232, 104 S.W. 1003 (1907), Moore v. Commonwealth, 143 Ky. 405, 136 S.W. 608 (1911), Fuqua v. Commonwealth, 118 Ky. 578, 81 S.W. 923 (1904), and Denny v. Commonwealth, 274 Ky. 419, 118 S.W.2d 778 (1938), in support of its argument. While the cases stand for the proposition stated by the Commonwealth, it is noted that they do not discuss the issue of whether a transcript of evidence taken in a court other than the one trying the case was admissible. Perhaps it was because the predecessor statute did not spell out so plainly as KRS 422.150 that the transcript may be used " * * * in the discretion of the court in which it is taken." The statute in effect when *Lake, Moore, Fuqua* and *Denny* were decided was K.S. § 4643 which provided in part:

"The testimony of any witness or witnesses taken by said reporter in any court or division as aforesaid shall constitute a part of the record of the case, and may, in the discretion of the presiding judge, be used in any subsequent trial of the same case between the same parties, . . . : Provided, That in criminal cases such testimony shall be so used only upon the consent of the defendant." [1]

---

[1]. Denny v. Commonwealth, supra, states, "But the provision as to the consent of the defendant applies only to living witnesses, and the reading of former testimony of a deceased witness is proper where the accuracy of the transcript shall have been proved."

Be that as it may, we are of the opinion that the question under discussion is governed by RCr 7.22. It was said in a footnote to Noe v. Commonwealth, Ky., 396 S. W.2d 808 (1965):

"Effective January 1, 1965, RCr 7.22 was amended to provide that 'a duly authenticated transcript of testimony given by a witness in a previous trial of the same defendant on the same charge in the same court shall be the equivalent of a deposition.' This being clearly procedural, to the extent of inconsistency between RCr 7.22 and KRS 422.150 the rule prevails."

RCr 7.22 provides "For the purposes of RCr 7.20, a duly authenticated transcript of testimony given by a witness in a previous trial of the same defendant on the same charge in the same court shall be the equivalent of a deposition." RCr 7.20 permits the use of depositions where, among other instances, a deponent was dead at the time of the trial. We find no merit in appellant's contention that RCr 7.22 is a criminal discovery rule and is inapplicable to the present case which is concerned with an evidentiary question. While some jurisdictions permit the use of testimony under the circumstances presently under consideration, they are not confronted with a rule similar to RCr 7.22. The policy consideration underlying the rule is well exemplified in this instance, in that the purpose of an examining trial and the issue to which it is directed, that is, whether there is enough evidence to justify holding or requiring security of the defendant pending further proceedings, is entirely different from the purpose and issue to which a trial on the merits is directed, which is a final determination of the ultimate question of guilt or innocence.

RCr 7.22, with its incorporation of RCr 7.20, clearly sets forth the prerequisites for the admission of the transcript of testimony given previous to the trial. One of the prerequisites—that the testimony was given in the same court—was lacking in the present case and the trial court properly refused to permit the use of the transcript.

The law is so certified.

MILLIKEN, JONES, PALMORE, REED, STEINFELD and STEPHENSON, JJ., concur.

OSBORNE, C. J., not sitting.